FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 15 2006

JAMES N. HATTEN, Clerk
By: /s/
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SALEBAN ADAN,<br>　　　Plaintiff, | :: | CIVIL ACTION NO.<br>1:06-CV-1985-WSD |
| v. | :: | |
| MARTA TRANSPORTATION<br>AUTHORITY,<br>　　　Defendant. | :: | CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, a patient at the Central State Hospital in Milledgeville, Georgia, has submitted the instant <u>pro</u> <u>se</u> civil rights action. [Doc. 1.]

### I. <u>Sua sponte frivolity dismissal</u>[1]

The Eleventh Circuit has recognized "the inherent power of courts to dismiss frivolous suits without giving notice to the parties," stating that *Moore's Federal Practice* "has noted that this broad, inherent power, not based on statute, applies to actions that are . . . sham; frivolous; harassing and vexatious; vexatious; . . . [or] brought in bad faith." Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 & n.3 (11th Cir. 1983) (noting in particular "that this list includes frivolous actions") (internal quotations omitted). See also Davken,

---

[1] Because it is not evident that Plaintiff is currently incarcerated and because he has not sought leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, frivolity review pursuant to either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2) is not appropriate.

AO 72A
(Rev.8/82)

Inc. v. City of Daytona Beach Shores, 159 Fed. Appx. 970, 973 & n.1 (11th Cir. 2005) (unpublished opinion) (citing Jefferson, supra, for the proposition that courts have the "inherent power . . . to dismiss frivolous suits without notice," but reversing the district court's sua sponte dismissal without notice of a claim that the district court considered meritless but that otherwise "was brought in good faith and was not vexatious or patently frivolous").

A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (persuasive authority affirming the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of a time-barred 42 U.S.C. § 1983 complaint as frivolous). "The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000).

## II. Plaintiff's allegations

In the instant complaint, Plaintiff repeats allegations he has presented to this Court at least twice before regarding his being struck by a Metropolitan Atlanta Rapid Transit Authority (MARTA) train on December 28, 2000. [Doc. 1 ¶ IV.]

AO 72A
(Rev.8/82)

See Adan Saleban v. Metropolitan Atlanta Rapid Transit Authority, 1:05-CV-0326-WSD (N.D. Ga. Mar. 23, 2005) (dismissing action without prejudice because Plaintiff had raised the same claims previously); Adan Saleban v. Marta Transit Authority, 1:05-CV-0051-WSD (N.D. Ga. Jan. 28, 2005) (dismissing action without prejudice because the Court could not provide Plaintiff the relief he sought, namely, assistance in determining whether he had a cause of action against MARTA for the injuries he allegedly suffered in the train incident). In the instant complaint, Plaintiff sets forth the details of the December 2000 train incident and the response by MARTA and emergency personnel to his injuries. [Doc. 1 ¶ IV.] He once again asks for "help [to] file a lawsuit against Marta and Ron Locklear," the driver of the train that allegedly struck him, "to make sure [Plaintiff] receive[s] adequate compensation." [Id. ¶ V.]

### III. Discussion

As this Court noted previously in Civil Action No. 1:05-CV-0051-WSD, the federal judiciary does not serve as an advocate for a party in a civil action and does not provide "help" to a prospective litigant in determining whether to file a lawsuit. Moreover, to the extent that Plaintiff seeks to bring a 42 U.S.C. § 1983 action against MARTA or the driver of the MARTA train that allegedly struck him in

3

AO 72A
(Rev.8/82)

December 2000, such an action is long since time-barred. See Thigpen, 223 F.3d at 1243.

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's complaint is both vexatious and frivolous. Accordingly, pursuant to this Court's inherent power, the instant complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 15th day of September, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4